**NOT FOR PUBLICATION**

FEB 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN GREGORY,<br><br>      Petitioner - Appellant,<br><br> v.<br><br>WILLIAM DUNCAN, Warden; and<br>ATTORNEY GENERAL FOR THE<br>STATE OF CALIFORNIA,<br><br>      Respondents - Appellees. | No. 11-17494<br><br>D.C. No. 1:98-cv-06521-LJO-MJS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted January 14, 2013
San Francisco, California

Before: NOONAN, TASHIMA, and GRABER, Circuit Judges.

Petitioner appeals the district court's denial of habeas relief. Reviewing de

novo, Williams v. Warden, 422 F.3d 1006, 1008 (9th Cir. 2005), we affirm.

1. The California Court of Appeal's decision did not "involve[] an

unreasonable application of[] clearly established Federal law, as determined by the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court correctly identified the governing principles from Godinez v. Moran, 509 U.S. 389 (1993), and Brady v. United States, 397 U.S. 742 (1970). It treated Petitioner's repeated and explicit decision not to challenge his competence as a concession of competence. We are unaware of any Supreme Court case suggesting that the court could not do so. The state court viewed the evidence as relating only to Petitioner's competence. Although one could consider the evidence to relate to more than just competence, it was not unreasonable for the court to interpret it as relating only to his competence. That being so, the court was left with: (a) a concession that Petitioner met the competence prong of Godinez and (b) no evidence of any reason other than lack of competence why Petitioner's plea was not knowing and voluntary. In those circumstances, we cannot say that "the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 131 S. Ct. 770, 786–87 (2011).

2. The performance of Petitioner's lawyer did not fall "below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). The lawyer adequately investigated Petitioner's mental state and provided ample evidence to the prosecution's expert, the defense experts, and the jury of

2

Petitioner's impairment.  Alternatively, it was not unreasonable for the state trial court to conclude that Petitioner did not suffer prejudice from his lawyer's failure to introduce the additional evidence of his mental state.  Although the prosecution's expert would have testified more favorably to the defense had he possessed the information, the expert still believed that there was evidence consistent with a lack of psychosis at the time of the murder, and he still would have expressed no opinion as to Petitioner's sanity.  In those circumstances, "fairminded jurists could disagree on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (internal quotation marks omitted).

**AFFIRMED.**

*Gregory v. Duncan*, No. 11-17494

NOONAN, Circuit Judge, dissenting:

The California Court of Appeal stated the correct principles, but decided the case contrary to the federal constitution as decided by the Supreme Court. The California Court of Appeal did so by its illogical reasoning. The court made two errors of logic:

(1) It held that if a defendant pleaded, the defendant could not attack his plea on the basis of incompetence.

(2) It held that if the defendant was competent to plead, then the defendant was competent to waive other constitutional rights.

Both propositions are contrary to federal law as stated by the Supreme Court.

Summarizing its own holdings, the Supreme Court stated in *Godinez v. Moran*, 509 U.S. 389, 400 (1992):

> A finding that a defendant is competent to stand trial, however, is not all that is necessary before he may be permitted to plead guilty or waive his right to counsel. In addition to determining that a defendant who seeks to plead guilty or waive counsel is competent, a trial court must satisfy itself that the waiver of his constitutional rights is knowing and voluntary. *Park v. Raley,* 506 U.S. 20, 28-29 (1992) (guilty plea); *Faretta, supra* at 835 (waiver of counsel).

As found by both the California Superior Court and by the federal

1

magistrate, Gregory was not competent to plead or to waive his constitutional rights. His conviction should not stand.